# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERCY HOGAN, JR. | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO 10-846 |
| | ) | |
| THE RAYMOND CORPORATION, | ) | |
| GIANT EAGLE INCORPORATED, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

CONTI, District Judge

## I.  INTRODUCTION

Pending before the court are two motions filed by Percy Hogan, Jr. ("Hogan" or "plaintiff"): 1) a motion for leave to file an amended complaint ("Mot. to Amend" (ECF No. 14)) pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and 2) a motion to remand ("Mot. to Remand" (ECF No. 7)) pursuant to 28 U.S.C. § 1447.  Also pending is a motion to dismiss ("Mot. to Dismiss" (ECF No. 4)) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure  filed by defendant Giant Eagle Incorporated ("Giant Eagle").  Hogan's original complaint was filed in state court and alleges various claims sounding in negligence and products liability for physical and financial injury resulting from Hogan's operation of a power jack allegedly manufactured by defendant The Raymond Corporation ("Raymond" and together with Giant Eagle, "defendants"), which was owned and operated by Hogan's employer, Giant Eagle. Hogan seeks to amend his complaint to include a claim against Giant Eagle for spoliation of

evidence under Pennsylvania law and to clarify his products liability claim against Raymond and to remand this case to state court. The case was removed to federal court pursuant to 28 U.S.C. 1446(b) after Raymond filed a motion to remove on the basis that Giant Eagle was improperly joined in the case and that diversity jurisdiction exists between the two remaining parties, Raymond and Hogan. ("Def's Mot. to Remove" (ECF No. 1).) The issues underlying Hogan's motions are 1) whether Hogan can plead a spoliation of evidence claim against Giant Eagle, and 2) whether Giant Eagle is protected from suit by Hogan under the Pennsylvania Workers' Compensation Act ("PWCA"), 77 PA. CONS. STAT. § 481(a). Because under the circumstances presented there can be no claim for negligence implicating spoliation of evidence, the motion for remand will be denied and the motion to amend the complaint will be denied in part and Giant Eagle's motion to dismiss the claim against it in the original complaint will be granted.

## II. FACTUAL BACKGROUND[1]

Hogan is a truck driver employed presently and for the past fourteen years by Giant Eagle, a grocery chain based in western Pennsylvania with over 200 locations. On January 2, 2008, Hogan was delivering a load of groceries to Giant Eagle store #14 ("Store"). At the Store, plaintiff worked with Giant Eagle's receiver, David Palouski ("Palouski"), to open the delivery dock doors, and generally prepare the receiving area for the delivery. The two men began using two of five power jacks available at that location to move the load of grocery pallets from the truck trailer to the store. The power jack being used by Hogan began to malfunction. Palouski and Hogan dragged it out of the way. Palouski told Hogan that a technician had been in the store that day working on that power jack and three others, but that none of those jacks were working.

---

[1] The factual background is derived from the complaint, the amended complaint, and other pleadings of the parties which are not disputed.

Hogan and Palouski began working together with the one remaining functional power jack (the "Jack"), identified as Giant Eagle property #700000047399.  Hogan had never used this Jack before.  In order to unload the pallets from the truck trailer, Hogan would take the Jack into the trailer, pick up a pallet of groceries, and place the pallet on the dock plate.  Palouski would operate the Jack to move the pallet from the dock plate into the Store.  The final two pallets in the trailer were entangled.  Hogan attempted to separate them using the Jack.  During this maneuver, Hogan put the Jack in reverse.  While the Jack was reversing, Hogan attempted to stop it using the handle brakes and the emergency reverse switch.  Both attempts failed to stop the Jack and it continued to move backward until Hogan was crushed between the Jack and the trailer wall.  Palouski observed the accident as it happened.

As a result of the accident, Hogan suffered permanent injuries to his groin, hip, inner thigh, pelvis, genitalia, legs and back.  Hogan alleges these injuries caused pain and intermittent swelling in his leg, pain in his groin, pelvis, lower back and spine, and erectile dysfunction. Hogan asserts these injuries affect his ability to work.  Prior to the accident he worked up to eighty hours per week and earned more than $80,000 per year, but now he is unable to work more than forty hours per week.

Hogan claims (and Raymond denies) that the Jack was designed, manufactured, and sold by Raymond, a power equipment manufacturer.  Hogan maintains the Jack was purchased by Giant Eagle.  Hogan contends that Raymond sells Giant Eagle hundreds of power jacks each year for use in its stores and service and maintenance contracts for its power jacks, but no service contract was in place for the Jack.  In the complaint, Hogan suggests that management at the Store knew that the Jack did not stop under certain circumstances, could not be safely operated in tight spaces, and caused other accidents and broken bones prior to this accident.

Following the accident, the Jack remained in the Store until on or about February 2, 2010, at which time it was traded to Yale Industrial Trucks of Pittsburgh.  Giant Eagle recovered the Jack on August 23, 2010.  The Jack is now under Giant Eagle's control at the O.K. Grocery Company warehouse.[2]

## III. PROCEDURAL HISTORY

On December 30, 2009, plaintiff filed the civil complaint against defendants in the Court of Common Pleas of Allegheny County, PA at G.D. No 09-024157.  Service was complete on June 3, 2010.  The complaint alleges various claims sounding in negligence and products liability.  On June 23, 2010, Raymond removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446(b).  In the notice of removal ("Def.'s Notice of Removal" (ECF No. 1)), Raymond asserts the joinder of Giant Eagle is improper because the exclusivity provision of the PWCA precludes an employee from suing his employer.  Raymond alleges that once the claim against Giant Eagle is dismissed, the diversity requirements for removal to this court under 28 U.S.C. § 1332(a) are satisfied because plaintiff is a citizen of the Commonwealth of Pennsylvania and Raymond is a corporation existing under the laws of the State of New York.  (Def.'s Notice of Removal (ECF No. 1) at 4.)  On July 1, 2010, Raymond filed its answer to the complaint (ECF No. 3), generally denying all claims and setting forth several affirmative defenses.

On July 9, 2010, Giant Eagle filed a motion to dismiss ("Mot. to Dismiss" (ECF No. 4)) and brief in support ("Def. Giant Eagle's Br. in Supp. of Mot. to Dismiss" (ECF No. 5)), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim

---

[2] (Giant Eagle's Mot. for Leave to File Supp. Resp. in Opp. to Pl.'s Mot. to Remand (ECF No. 16-1) ("Beatty Aff.", Aug. 26, 2010) at 1.)

against Giant Eagle upon which relief may be granted.  Giant Eagle argues that plaintiff's injuries arose out of and in the course of his employment with Giant Eagle and therefore his negligence claim is barred by the exclusivity provisions of the PWCA.  (Def. Giant Eagle's Br. in Supp. of Mot. to Dismiss (ECF No. 5) at 2.)  On August 18, 2010, plaintiff responded to Giant Eagle's motion to dismiss by alleging that he has a valid spoliation claim against Giant Eagle and the PWCA does not bar spoliation claims against employers.  ("Resp. to Mot. to Dismiss" (ECF No. 15).)

On July 27, 2010, plaintiff filed the motion to remand asserting: 1) the motion to remand is timely because service of Raymond's notice of removal was irregular; and 2) Raymond failed to meet the burden for establishing a fraudulent joinder.  On August 2, 2010, plaintiff filed a supplement to the motion to remand.  ("Pl.'s Supp. to Mot. To Remand" (ECF No. 10).)  Plaintiff attached to the supplement three exhibits and an affidavit from a Giant Eagle employee regarding: 1) the removal of the Jack, and 2) knowledge of the Jack's brake problems.  (Pl.'s Supp. to Mot. To Remand (ECF No. 10-1) ("Lear Aff.", July 22, 2010) at 1.)  In the supplement, plaintiff requests sanctions against Giant Eagle for spoliation of evidence and asserts a claim against Raymond under the malfunction theory of liability.  On August 16, 2010, Raymond filed a response in opposition to plaintiff's motion to remand.  ("Def. Raymond's Resp." (ECF No. 12).)  On August 17, 2010, Giant Eagle filed a response in opposition to plaintiff's motion to remand (ECF No. 13).  Raymond and Giant Eagle argue, inter alia: 1) plaintiff's motion is untimely, 2) plaintiff never pled a cause of action for spoliation, and 3) Pennsylvania courts do not recognize an independent cause of action for spoliation of evidence and therefore Giant Eagle is not properly joined and cannot be held liable.  Defendants argue that plaintiff's sole

remedy against Giant Eagle is under the PWCA and removal of the suit between plaintiff and Raymond to this court is proper. ("Def. Raymond's Resp." (ECF No. 12) at 2-9.)

On August 18, 2010, plaintiff filed the motion to amend his complaint (ECF No. 14). Plaintiff's proposed amended complaint alleges a claim against Giant Eagle under the theory of spoliation of evidence, as a result of Giant Eagle's actions in removing, destroying, or compromising the Jack. Plaintiff seeks to clarify his claim against Raymond under the malfunction theory of liability, under which a plaintiff can establish a product liability case without the defective equipment.

On August 26, 2010, Giant Eagle filed a motion for leave to file supplemental response in opposition to plaintiff's motion to remand ("Mot. for Leave to File Supp. Resp. in Opp. To Pl.'s Mot. to Remand" (ECF No. 16)) in order to advise the court and the parties that the Jack was presently located. On August 27, 2010, Raymond filed a motion to join Giant Eagle's motion for leave to file supplemental response (ECF No. 17), along with a supplemental response in opposition to plaintiff's motion to remand. Id. On August 27, 2010, the court granted Giant Eagle's motion for leave to file a supplemental response and Giant Eagle filed the supplemental response on August 30, 2010 (ECF No. 19). Raymond joined that supplemental response on August 30, 2010 (ECF No. 20).

On August 27, 2010, Raymond responded to plaintiff's motion to amend (ECF No. 18) claiming that plaintiff did not assert the facts necessary to show a plausible claim for spoliation because: 1) the amended complaint does not allege plaintiff requested Giant Eagle to maintain or preserve the Jack, and 2) Giant Eagle has located the Jack. Raymond argues that Pennsylvania does not recognize an independent cause of action for spoliation. On September 2, 2010, the

court granted Giant Eagle's motion to join Raymond's response to plaintiff's Motion for Leave to Amend (ECF No. 22).

## IV.  STANDARD OF REVIEW

### A.  Motion for Leave to Amend Complaint and Motion to Dismiss

Generally, leave to amend a complaint will not be granted if the amendment would be inequitable or futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (reversing district court for failing to grant plaintiff right to amend when the district court did not specifically find that granting leave to amend would be inequitable or futile).  Permitting amendment is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, which provides "leave [to amend] shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility.  Swift v. McKeesport Housing Auth., 726 F.Supp.2d 559, 567 (W.D.Pa. 2010)(citing In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

The standard of legal sufficiency for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile.  Burlington, 114 F. 3d at 1434.  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  U.S. Express Lines Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B.  Motion for Remand**

A motion for remand under 28 U.S.C. 1447 shall be granted if the standards for a motion for removal under a 28 U.S.C. §§ 1441 and 1446 are not met.  When a nondiverse party has been joined as a defendant, absent a substantial federal question, the removing defendant may avoid remand only by demonstrating that the nondiverse party was fraudulently joined.  The removing party carries a "heavy burden of persuasion" in making this showing. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n. 6 (3d Cir.1987); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Steel Valley, 809 F.2d at 1010 (citing Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985)).

Joinder is fraudulent " 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.' " Boyer, 913 F.2d at 111 (quoting Abels, 770 F.2d at 32).  The Court of Appeals for the Third Circuit recognized that " '[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' " Boyer, 913 F.2d at 111 (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir.1983)).

"[W]here there are colorable claims or defenses asserted against or by diverse and nondiverse defendants alike, the court may not find that the nondiverse parties were fraudulently joined, based on its view of the merits of those claims or defenses." Boyer, 913 F.2d at 113 (citing Chesapeake & O. Ry. Co. v. Cockrell, 232 U.S. 146 (1914)). In evaluating the alleged fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for

removal was filed[, and the court] must assume as true all factual allegations of the complaint." Steel Valley, 809 F.2d at 1010. The court must "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Boyer, 913 F.2d at 111.

### C. Pro Se Plaintiffs

*Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). A *pro se* plaintiff, however, is still required to adhere to the rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's . . . legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Even though plaintiff is *pro se*, he must "set forth sufficient information to outline the elements of [his] claim." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)).


## V. DISCUSSION

### A. Motion to Amend

Plaintiff seeks to amend the complaint to assert a claim against Giant Eagle under a spoliation theory, i.e. Giant Eagle failed to preserve evidence. To determine whether the amendment would be futile, the court must determine whether Pennsylvania courts recognize that kind of claim. Under Boyer, if there is any uncertainty as to whether Pennsylvania courts

would permit plaintiff's claims against the Giant Eagle, the court must grant the motion to remand. Boyer, 913 F.2d at 111.

Pennsylvania courts do not recognize a separate cause of action for a third party's spoliation of evidence in an existing or probable civil case. Elias v. Lancaster Gen. Hosp., 710 A.2d 65, 68 (Pa. Super. Ct. 1998); see Caleb v. CRST, 43 F. App'x 513, 516-17 (3d Cir. 2002) (citing Elias and noting that no Pennsylvania appellate court has recognized a distinct cause of action for spoliation of evidence, either by a party litigant or a third party, but noted the theory has occasionally been applied in cases where a party seeks sanctions, such as adverse inferences or burden shifting, against the "spoiler" within an existing personal injury or products liability action).

Plaintiff argues that Pennsylvania courts permit the pleading of an independent tort for spoliation of evidence ("Mot. to Amend" (ECF No. 14)) and that such claims are not precluded by the PWCA ("Resp. to Mot. to Dismiss 1" (ECF No. 15)). Plaintiff cites Minto v. J.B. Hunt Transport, Inc., 971 A.2d 1280 (Pa. Super. Ct. 2009), in support of these arguments. Minto, however, supports neither plaintiff's argument that Pennsylvania recognizes a spoliation claim separate from a negligence claim, nor plaintiff's assertion that such claims against employers are not precluded by the PWCA.

Minto involved a truck driver who was injured in the course of his employment when the truck he was driving went off the road. The plaintiff ("Minto") was severely injured in the accident and was fired "for cause" shortly thereafter. After being fired, Minto hired counsel who directed the employer to preserve certain records and vehicle parts related to his negligence and products liability suit against the employer and other defendants. Minto later added claims alleging that the employer "negligently and/or intentionally destroyed or disposed of many parts

of the truck, making it virtually impossible for [him] to prove his liability claim against the other defendants." Minto, 971 A.2d at 1282. Some of these claims dealt with the employer's actions *after* Minto was fired. The court held that Minto's claims regarding actions by the employer *after* Minto was no longer an employee were not barred the PWCA. Id. at 1284. The court did not hold that spoliation claims are an exception to the PWCA's bar on employer liability. A concurring opinion highlighted that the decision considered only the issue whether the *former employer* was protected from liability by the PWCA[3] and did not determine whether "[a]ppellant sufficiently pled his 'spoliation' claim as a negligence cause of action." Id. at 1284. Minto neither created an exception to the bar on employer liability created by the PWCA nor recognized an independent tort for spoliation of evidence (as plaintiff claims).

Pennsylvania courts, however, recognize a claim implicating the spoliation of evidence if it is pled as a negligence claim, properly alleging duty, breach, causation, and damages. Elias, 710 A.2d at 68. Minto reiterates the requirement that spoliation claims must be pled as a negligence claim. Minto, 971 A.2d at 1283, 1284. In such cases, the party asserting such a claim must show the following four elements of a negligence claim:

> 1) A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;
> 2) A failure on the person's part to conform to the standard required, a breach of the duty;
> 3) A reasonably close causal connection between the conduct and the resulting injury; and
> 4) Actual loss or damage resulting to the interest of another.

Elias, 710 A.2d at 68 (citing PROSSER & KEETON ON TORTS, § 30 (5th ed. 1984)).

Although there is no separate spoliation tort, the court still must consider whether plaintiff's amended complaint is sufficient to support a negligence claim against Giant Eagle.

---

[3] The "former employer" distinction is not relevant in this case because plaintiff is still employed by Giant Eagle.

The court will address only the first and fourth elements of that kind of claim, i.e. duty and damages, as those elements are dispositive.

### 1. NEGLIGENCE

#### a. DUTY

**(i)     Duty of a third party to preserve evidence.**

In considering whether there is a valid negligence claim against a third party implicating spoliation of evidence by that party, the court must determine if there is a duty between the plaintiff and the third party.  <u>Elias</u>, 710 A.2d at 68.  A duty to preserve evidence for a plaintiff exists between a third party and a plaintiff only if the plaintiff can show that the third party breached a duty recognized by law.  <u>Id</u>.  In the absence of affirmative conduct such as an agreement, contract, statute, or other special circumstance, negligence law generally does not impose affirmative duties, such as the duty to preserve evidence.  <u>Id</u>.  The question " '[w]hether a duty exists is ultimately a question of fairness.  The inquiry involves a weighing of the relationship of the parties, the nature of the risk and the public interest in the proposed solution.' " <u>Id</u>. (quoting <u>Cruet v. Certain-Teed Corp.</u>, 639 A. 2d 478, 479 (432 Pa. Super. Ct. 1994)). There are two possible duties to consider in the context of this case: 1) duty of a third-party company to its customers, and 2) duty of a third-party employer to its employee.

**(1)"Duty" of a third-party company to its customers**

In <u>Elias</u>, the court analyzed whether a "duty" arose between a third-party hospital (the "defendant") and a patient ("Elias").  Elias brought a products liability suit against a medical device manufacturer.  To determine whether the third-party hospital had a duty to preserve evidence (parts of a medical device removed in an operation) for Elias' suit against the

manufacturer, the court considered two decisions involving injuries to customers of third-party

companies, <u>Stupka v. Peoples Cab Co.</u>, 264 A. 2d 373 (Pa. 1970), and <u>O'Connell v. Killington,</u>

<u>Ltd.</u>, 665 A. 2d 39 (Vt. 1995).  <u>Elias</u>, 710 A.2d at 69.  In both decisions, the courts analyzed the

primary duty of the third-party company to determine whether it included the preservation of

potential evidence following a customer injury.  The courts found that the primary duty of the

companies (a cab company and ski resort) did not extend to the preservation of their customers'

financial interests following an injury and therefore they did not have a duty to preserve evidence

for potential lawsuits.  <u>Id</u>.  Applying these examples, the court in <u>Elias</u> determined that the

hospital's primary responsibility is dispensing healthcare and that requiring it to preserve all

evidence for potential products liability suits would present too great a burden on its primary

purpose.  <u>Id</u>.  A "fairness" analysis was utilized and the court considered the third-party's

"primary purpose" to determine whether a general duty to preserve evidence exists between a

third party and another in the absence of a special relationship, such as one created by contract or

statute.  <u>Id</u>.  Under that analysis, this court will need to consider the primary purpose of the third-

party here, Giant Eagle.

### (2) "Duty" of a third-party employer to its employee

Pennsylvania courts have not directly considered whether the existence of an

employer/employee relationship creates a duty on the part of a third-party employer to preserve

evidence of a work-related accident for a potential products liability suit by an employee.  Courts

in other jurisdictions have held that there is no such duty.  <u>See</u> <u>Wilson v. Beloit Corp.</u>, 725 F.

Supp. 1056, 1058, (W.D. Ark 1989); <u>Panich v. Iron Wood Prods. Corp.</u>, 445 N.W.2d 795, 797

(Mich. App. 1989) (holding that neither common law nor Workers' Disability Compensation Act

imposed affirmative duty on employer to preserve evidence which might be used in employee's

third-party liability action); <u>Koplin v. Rosel Well Perforators, Inc</u>, 734 P.2d 1177 (Kan. 1987)(holding absent some independent tort, contract, agreement, voluntary assumption of duty, or special relationship of the parties, the new tort of "the intentional interference with a prospective civil action by spoliation of evidence" should not be recognized in Kansas); <u>Coley v. Arnot Ogden Mem. Hosp.</u>, 107 A.D.2d 67 (N.Y. App. Div. 1985)(holding that a defendant owed no duty to a plaintiff with regard to the safekeeping of evidence because there was no promise by the defendant or its employees to inspect or safeguard the evidence for the plaintiff's benefit and destruction of physical evidence was not criminal because destruction was innocent and designed to ensure the safety of the defendant's employees); <u>Parker v. Thyssen Mining Const., Inc.</u>, 428 So.2d 615 (Ala.1983)(holding that no independent common-law duty exists on the part of an employer to preserve evidence for an employee's potential civil action against third parties).

On remand from the Eighth Circuit Court of Appeals, the district court in <u>Wilson</u> held that the existence of an employer/employee relationship between two parties does not impose a duty to preserve evidence on the employer.  Wilson suffered a leg injury while working and was awarded workers' compensation benefits.  Wilson later brought suit against the manufacturer of the equipment that caused his injury.  When he was unable to obtain the equipment parts for his suit, Wilson joined his employer on the theory that the employer either intentionally destroyed or negligently lost the parts.  The district court held that state law did not recognize a tort for spoliation of evidence, and that the employer had not assumed a duty (orally or in writing) to preserve evidence for the employee.

### (3) No "Duty" shown in plaintiff's pleadings

Plaintiff's proposed amended complaint does not include factual allegations which support an inference of a plausible "duty" (under either <u>Elias</u> or <u>Wilson</u> "duty" analysis) as

required for a negligence claim. As <u>Twombly</u> indicates, the factual allegations of plaintiff's amended complaint must be "sufficient to state a claim for relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 555. Here, plaintiff did not include any factual allegations from which the court could determine that Giant Eagle had a duty to preserve evidence for plaintiff and plaintiff did not allege that Giant Eagle breached any duty recognized by the law. <u>Elias</u>, 710 A.2d at 68.

Plaintiff's amended complaint does not include factual allegations from which the court can reasonably infer that a duty to preserve the Jack was created by affirmative agreement between plaintiff and Giant Eagle. Plaintiff implies that Giant Eagle had a duty to preserve the Jack because plaintiff made several requests for the maintenance records of the Jack and Giant Eagle was aware that plaintiff intended to commence legal action against Giant Eagle related to the Jack. In support of this claim plaintiff references: 1) plaintiff's December 9, 2009 request to a Bureau of Workers' Compensation judge for discovery of maintenance records for the Jack ("Mot. to Remand" (ECF No. 7-1) ("December 9, 2009 Letter") at 2), [4] and 2) plaintiff's January

---

[4] In plaintiff's December 9, 2009 letter to the workers' compensation judge he stated:

> 4. Request maintenance records for Giant Eagle property No. 700000047399. The extra-large 'Raymond' power jack, not being used but still on Giant Eagle property at Store No. 14. After years of having a scheduled maintenance contract with jack makers, when and why did Giant Eagle rescind the contract and decide not to follow jack makers maintenance and service guidelines? How many accidents since the contract was rescinded? Was the federal government informed?

("Mot. to Remand" (ECF No. 7-1) ("December 9, 2009 Letter") at 2.)

Giant Eagle responded to this request in a December 11, 2009 letter from Giant Eagle's counsel to the workers' compensation judge stating:

> with regard to the request for maintenance records of the power jack which Mr. Hogan was utilizing at the time of his injury, I would object to requesting any such records on the basis of relevance. It is without question that OK Grocery accepted Mr. Hogan's work injury of January 2, 2008, at which time Mr. Hogan was using a power jack. Whether this power jack was functioning properly, is irrelevant. What is relevant is that Mr. Hogan was injured whiile [sic] using the power jack and my client accepted this injury.

5, 2010 letter[5] to the workers' compensation judge demanding that Giant Eagle provide the requested maintenance records for the Jack (Def.'s Mot. to Remand (ECF No. 7-5) ("January 5, 2010 Letter") at 3-4). The court cannot find, however, that these requests by plaintiff for maintenance records resulted in an affirmative agreement between plaintiff and Giant Eagle for the preservation of the Jack.

The proposed amended complaint also does not include any factual allegations from which the court could plausibly find that Giant Eagle had a duty to preserve evidence for plaintiff under the Elias "fairness" analysis. Id. at 68. As discussed above, that analysis determines whether to impose a duty to preserve evidence on a third party by weighing 1) the relationship of the parties, 2) the nature of the risk, and 3) the public interest in the proposed solution. Id. The proposed amended complaint does not include factual allegations which suggest the relationship between Hogan and Giant Eagle can be distinguished in any principled way from the third-party company/customer relationships in Elias, Stupka, or O'Connell or the third-party employer/employee relationship in Wilson such that fairness would require Giant Eagle to expand its primary purpose (the sale of groceries) to include the preservation of evidence for its employees. Plaintiff's proposed amended complaint does not adequately plead facts from which the court could determine that Giant Eagle breached any "duty" to plaintiff under Elias. Id.

---

("Mot. to Remand" (ECF No. 7-2) ("December 11, 2009 Letter") at 2.)

[5] In plaintiff's January 5, 2010 letter to the workers' compensation judge he stated:

> Defense counsel … wants the Court to believe that maintenance records on the jack in question is irrelevant in my case, when I see those records will clearly demonstrate a willful and deliberate disregard for my health and safety. … The relevance of a properly functioning jack goes to the heart of my argument. I am suggesting that if the brakes worked or the 'automatic reverse switch' on the jack handle functioned properly, then my injury may have been minor or I may not have been injured at all. … The above facts make the maintenance records of the jack in question and all other discovery requests concerning that jack relevant in my case.

("Mot. to Remand" (ECF No. 7-5) ("January 5, 2010 Letter") at 4.)

### ii)       Duty of a party to preserve evidence for potential litigation

Plaintiff seeks to rely on the duty of a party to preserve evidence for potential litigation. District courts within the Third Circuit have held that when a party has "knowledge of a potential claim [that] is deemed sufficient to impose a duty to preserve evidence." Winters v. Textron, 187 F.R.D. 518, 520 (M.D. Pa. 1999) (citing Baliotis v. McNeil, 870 F. Supp 1285 (M.D. Pa. 1994)). "A duty to preserve evidence is an 'affirmative obligation,' which arises 'when the party in possession of the evidence knows that litigation by the party seeking the evidence is pending or probable and the party in possession of the evidence can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded." Hohider v. United Parcel Serv., Inc., 257 F.R.D. 80 (W.D. Pa 2009) (citing Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J. 2008)).[6] Typically this duty is applied only to the parties to the litigation, not to third parties. Here, plaintiff cannot bootstrap a spoliation duty by suing Giant Eagle and arguing that a claim which is barred by law –the PWCA- could create the duty to the court. Were the court to recognize a duty in those circumstances, a duty to preserve would be created where there is pending litigation that was barred by state law. When plaintiff had no legal right to sue Giant Eagle, he cannot argue that Giant Eagle had a duty to preserve evidence as a result of plaintiff's December 30, 2009 writ of summons preserving the right to sue Raymond and Giant Eagle, or an alleged January 12, 2010 statement by counsel for Giant Eagle indicating Giant Eagle knew that plaintiff had commenced a civil action against it. ("Mot. to Remand" (ECF No. 7) at 5-6.) Even if the plaintiff could show a duty existed, he cannot show any damage because the Jack has been located. Winters, 187 F.R.P. at 520 (foreseeable prejudice must be shown).

---

[6] One district court recognized this duty as being owed to the court and not the other party. Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D 497 (D.Md. 2010).

### b. DAMAGES

Plaintiff needs to suffer "[a]ctual loss or damage resulting to the interest of another." Elias, 710 A.2d at 68. The Jack is presently located and available for examination. ("Mot. for Leave to File Supp. Resp. in Opp. To Pl.'s Mot. to Remand" (ECF No. 16-1) ("Beatty Aff.", Aug. 26, 2010) at 1.) Even if it was unavailable, plaintiff's claim against Raymond is made under the malfunction theory of products liability which does not require that the equipment be available for inspection to prove that a defect existed. Rogers v. Johnson & Johnson Prods., Inc., 565 A.2d 751, 754 (Pa. 1989) (malfunction theory of products liability permits a plaintiff to prove a defect in a product with evidence of the occurrence of a malfunction and with evidence eliminating abnormal use or reasonable, secondary causes for the malfunction). Because the malfunction theory of products liability does not require the Jack to be presented for plaintiff's case against Raymond, and since the Jack is available, plaintiff can plead no facts to support the allegations that Giant Eagle's transfer of the Jack "prejudiced" plaintiff's products liability case, and caused the Jack to lose its "integrity as evidence that the court can rely upon." ("Mot. to Amend", ECF No. 14-1) at10-11.) Plaintiff's proposed amended complaint cannot be amended to include facts from which the court could plausibly find that plaintiff suffered damages as required to plead a negligence claim against Giant Eagle and the proposed claim against Giant Eagle is futile. Elias, 710 A.2d at 68. Raymond, however, is not contesting plaintiff's request to amend the complaint to include a claim under the malfunction theory of products liability and leave to amend will be granted to include that claim. It is recognized that Raymond will be able to file an answer to the amended complaint to contest the merits of that claim.

### c. BREACH & CAUSATION

For the reasons discussed above, there are no facts in the proposed amended complaint from which the court could infer a plausible claim against Giant Eagle for negligent spoliation of evidence. Under these circumstances it is not necessary to evaluate plaintiff's amended complaint for the "breach" and "causation" elements of a negligence claim and the motion to amend to include a negligence claim against Giant Eagle must be denied.

### 2. EXCEPTIONS TO THE PWCA BAR ON EMPLOYER LIABILITY

Plaintiff's proposed amended complaint does not include any colorable grounds to support a claim against Giant Eagle. The court reiterates that plaintiff's reliance on Minto for this issue is misplaced. The bar on employer liability, however, may not be absolute if an employer affirmatively agrees to safeguard equipment. See Pirocchi v. Liberty Mut. Ins. Co., 365 F.Supp. 277, 280-281 (E.D. Pa 1973)(finding that "77 P.S. §§ 481 and 501 were not intended to extend immunity from suit to employers and insurance carriers whose acts may cause independent economic injury that is separate and distinct from the physical injury suffered by an employee in the course of his employment. The argument advanced by [defendant] would extend tort immunity to negligent conduct which is based on acts or omissions that are unrelated to the cause of the physical injuries covered by the provisions of the Workmen's Compensation Statutes. We do not believe the legislature intended such an extension."); but see, Jones v. Carborundum, 515 F. Supp. 559, 562 (W.D. Pa 1981)(holding that 77 PA. CONS. STAT. 481(b) clearly states " 'the employer… shall not be liable' to a third party. This is plainly a rule of substantive tort law, not of procedure. It excludes all liability, whether for damages, contribution, or indemnity, and whether sought in a separate independent action at law or by joinder pursuant to current liberal rules of civil procedure in an action brought by the employee

against a third party.") There is no allegation made in the proposed amended complaint from which this court could plausibly infer that Giant Eagle affirmatively agreed to safeguard the Jack. Plaintiff's motion for leave to amend complaint must be denied with prejudice.

### B. PLAINTIFF'S MOTION FOR REMAND MUST BE DENIED

Leave to amend the complaint to include a negligence claim against Giant Eagle is denied. Under these circumstances, the motion for remand must be denied. Assuming all factual allegations as true, plaintiff's complaint does not include any colorable ground supporting the claim against Giant Eagle and therefore the joinder of Giant Eagle is fraudulent. Boyer, 913 F.2d at 111. Under these circumstances it is not necessary to address whether the motion to remand was timely made. Removal to this court stands.

### C. GIANT EAGLE'S MOTION TO DISMISS MUST BE GRANTED

Plaintiff does not contest that the claim asserted against Giant Eagle in the original complaint is barred by the PWCA. There is no colorable claim against Giant Eagle and its motion to dismiss must be granted.


### VI. CONCLUSION

Plaintiff's motion for leave to amend his original complaint is denied with respect to the proposed claim against Giant Eagle because the amendment would be futile. That proposed amendment is futile because Pennsylvania courts do not recognize an independent cause of action for spoliation and the facts alleged do not support a negligence cause of action implicating spoliation of evidence. Specifically, plaintiff did not include factual allegations to show that Giant Eagle had a duty to preserve evidence for plaintiff's case against Raymond and because the Jack is now located, plaintiff cannot allege he suffered damages as a result of Giant Eagle's

actions.  Plaintiff, however, is granted leave to file an amended complaint to include the claim against Raymond under the malfunction theory of products liability.

Plaintiff's motion to remand is denied because defendant Raymond showed that the nondiverse defendant, Giant Eagle, was fraudulently joined.  If Giant Eagle is not a defendant, the remaining parties are diverse and therefore, even assuming the motion was timely filed, Raymond's removal of this case to this court will stand.  Giant Eagle's motion to dismiss must be granted because, as recognized above, plaintiff's claim against Giant Eagle is barred by the PWCA.  The following order is hereby entered.

# ORDER

And now this 18th day of March, 2011, for reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that the motion for leave to amend complaint filed by plaintiff Percy Hogan, Jr. (ECF No. 14) is denied with respect to asserting any claim against Giant Eagle and is granted in all other respects. Plaintiff must file his amended complaint against defendant The Raymond Corporation within twenty days of the entry of this ORDER. The motion to remand (ECF No. 7) filed by plaintiff Percy Hogan, Jr. is DENIED with prejudice and the motion to dismiss filed by Giant Eagle Incorporated (ECF No. 4) is GRANTED.

Date: March 18, 2011

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge