# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PERCY HOGAN, JR. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Number 10-846 |
|  | ) Chief Judge Joy Flowers Conti |
| THE RAYMOND CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, Percy Hogan ("Hogan"), seeks judicial review of the clerk of court's taxation of costs against him in the amount of $9,835.38. (ECF No. 101.) For the reasons set forth below, this court modifies the clerk's taxation of costs, but only to excise the court's previously ordered sanction of $3,718.57 against Hogan from the costs taxable pursuant to Federal Rule of Civil Procedure 54(d). Therefore, costs will be taxed in the amount of $6,099.25.

I. **Legal Authority**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1); see also LCvR 54(B). The Rule, as stated, is mandatory, and creates a "strong presumption" that all costs authorized for payment will be awarded to the prevailing party. Reger v. Nemours Found. Inc., 599 F.3d 285, 288 (3d Cir. 2010) (citing In re Paoli R.R. Yard PCB Lit., 21 F.3d 449, 461 (3d Cir. 2000)). "The losing party, therefore, bears the burden of showing why costs should not be taxed against it." Adams v.

Teamsters Local 115, 678 F.Supp.2d 314, 324 (E.D. Pa. 2007). The costs eligible for recoupment under Rule 54(d)(1) are specifically listed in 28 U.S.C. § 1920, and include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees under 28 U.S.C. § 1932; and (6) compensation for court appointed experts and for interpreters. In re Paoli, 221 F.3d at 457 (citing Smith v. Se. Pa. Transp. Auth., 47 F.3d 97, 99 n.1 (3d Cir. 1995)). Notably absent from § 1920's list is previously court-ordered sanctions.

As a matter of procedure, a clerk of court may tax costs on fourteen days' notice, after issuing a schedule for objections to the bill of costs. FED. R. CIV. P. 54(d)(1); LCvR 54(B)(3). Any party may challenge the clerk's taxation of costs by filing a motion with the court seven days after the clerk's action. FED. R. CIV. P. 54(d)(1). The taxation of costs by the clerk of court is subject to de novo review by the district court. Reger v. Nemours Found. Inc., 599 F.3d 285, 288 (3d Cir. 2010). A district court may consider the following factors in reviewing a clerk of court's taxation of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." In re Paoli, 221 F.3d at 468. In contrast, however, a district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." Id.

## II. Procedural Background

On September 28, 2012, this court entered an order dismissing Hogan's claims, with prejudice, for failure to comply with the orders and directives of this court. (ECF No. 83.) Hogan filed a notice of appeal challenging that order, as well as orders entered by this court on March 18, 2011, denying his motion to remand, and August 7, 2012, imposing monetary sanctions. (ECF No. 85.) The Court of Appeals for the Third Circuit affirmed the September 28, 2012, and August 7, 2012, orders, and directed that the March 18, 2011 order be modified to dismiss the claims against defendant, Giant Eagle, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(1) instead of 12(b)(6). (ECF No. 97-1 at 9-12.)

On October 31, 2012, while Hogan's appeal was pending, defendant, The Raymond Corporation ("Raymond"), filed a bill of costs with the clerk of this court in the amount of $9,835.38. (ECF No. 87.) The clerk of court notified Raymond and Hogan that action on the bill of costs would be deferred until after the disposition of Hogan's appeal. (ECF No. 89 (Nov. 26, 2012 letter).) Upon being notified of the Court of Appeals for the Third Circuit's disposition of Hogan's appeal, the clerk of this court issued a letter setting a deadline of October 10, 2013, for Hogan to file objections to Raymond's bill of costs. (ECF No. 95 (Sept. 19, 2013 letter).) Hogan filed a timely objection arguing that consideration of the bill of costs by this court was premature because his petition for rehearing en banc was still pending at the court of appeals. (ECF No. 96.) The clerk of court did not tax costs at that time.

The court of appeals thereafter issued its mandate, on October 31, 2013. (ECF No. 97.) The mandate taxed appellate costs against Hogan in the amount of $323.20, to reimburse Raymond for the cost of copying and binding its appellate brief and appendix. (ECF Nos. 97 at 2; 99-1 at 2; 102-3 at 2; 11/1/2013 docket entry.) Hogan contends, in recent filings, that

3

Raymond asked the appellate court to tax costs in the amount of $542.99, but only received $323.20. (ECF Nos. 102 ¶ 7; 102-3 at 2.) Although there is no documentation in the record to support that assertion, the discrepancy is inconsequential.

After the mandate issued, the clerk of this court sent another notice setting a deadline of December 13, 2013, for Hogan to file objections to the bill of costs. (ECF No. 98 (Nov. 27, 2013 letter).) Hogan filed a timely objection in which he argued that he was entitled to a set off against Raymond's bill of costs because this court previously ordered Raymond to pay him nearly $2,000 in sanctions for the cost of a failed mediation session. (ECF No. 99 ¶ 4.) Raymond responded to that objection by explaining that the sanction was awarded against Raymond's prior counsel, not against Raymond itself, and could not be offset against the bill of costs. (ECF No. 100.) Thereafter, the clerk of court taxed costs against Hogan in the full amount requested by Raymond, i.e., $9,835.38, and notified Hogan of his right to seek judicial review by filing a motion within seven days. (ECF No. 101.) Hogan filed a motion to strike taxation of defendant's costs with this court. (ECF No. 102.) Although the motion was filed eight days after the clerk of court entered the taxation of costs, Hogan, who is proceeding pro se, was served with that paper by mail, which added three days to Hogan's deadline, making his filing timely. FED. R. CIV. P. 6(d).

In his motion, Hogan challenges the clerk of court's taxation of costs on both procedural and substantive grounds. Procedurally, Hogan contends that the clerk of court never provided him with the notice required by Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54 before taxing costs against him. Substantively, Hogan argues that the clerk of court should have reviewed and rejected the bill of costs, even without objection from him, for the following five reasons: (a) the bill of costs does not include supporting documentation, such

4

as receipts, or an explanation of the necessity of each cost; (b) deposition costs should be disallowed if the deposition was not read into the record or received into evidence; (c) large and unusual expenditures that were not approved by the court prior to trial or incurred in preparation for trial should be disallowed; (d) copying costs should only be allowed for any exhibits used at trial; and (e) air travel should not be allowed unless it was incurred at the most economical rate available and receipts are attached. (ECF No. 102 at 4.)

The court concludes that none of Hogan's challenges to the clerk of court's taxation of costs is meritorious, but that it must excise from the clerk's taxation of costs the $3,718.57 sanction that the court previously imposed on Hogan in a September 12, 2012, order. (ECF No. 80.)

## III. Discussion

### A. Hogan's Procedural Objection

Hogan's assertion that he did not receive notice prior to the clerk of court's taxation of costs is unsubstantiated. As detailed above, Hogan received a copy of Raymond's bill of costs in October 2012, (ECF No. 87), and copies of each of the clerk of court's letters deferring action on the bill of costs pending appeal and setting deadlines for objections following resolution of the appeal. (ECF Nos. 89, 95, 98.) Hogan cannot dispute that he received these items because he made timely filings in response to each of them, and he discusses their substance in the instant motion filed with the court. (ECF Nos. 96, 99, 102.)

Hogan's implicit argument that he believed that the letters sent from the Office of the Clerk of the United States District Court for the Western District of Pennsylvania concerned Raymond's request for a taxation of costs at the court of appeals in the amount of $542.99 instead of Raymond's request for a taxation of costs in the district court in the amount of

5

$9,835.38 is not credible. As an initial matter, there is no evidence to support Hogan's contention that the clerk of this court enclosed a copy of the court of appeals' taxation of costs in favor of Raymond in the amount of $323.20, with his September 19, 2013, letter. (ECF No. 102 ¶¶ 8-9.) The letter sent by the clerk of this court on September 19, 2013, does not state on its face that it includes any attachments. (ECF No. 95.) The document filed at docket entry number 95 does not include any attachments. If additional items were served on the parties with that letter, they would be attached to the document filed by the clerk on the docket. The sequence of events also contradicts any inference that the clerk of this court sent a copy of the court of appeals' taxation of costs with his September 19, 2013, letter. Although documents later filed by Hogan on this court's docket indicate that the clerk of court for the Court of Appeals for the Third Circuit taxed costs against Hogan in the amount of $323.20 on August 30, 2013, (ECF No. 99-1 at 2), those costs do not appear on the docket of this court until the mandate issued, which was not until October 31, 2013 (ECF No. 97). This timeline makes it unlikely that the clerk of this court could have enclosed notice of the court of appeals' taxation of costs with his September 19, 2013, letter.

    Even if the clerk of this court included such documentation with his September 19, 2013, letter, it does not follow that Hogan was misled with respect to which bill of costs the clerk's correspondence related. First, both letters are clearly marked as being sent from the clerk of court of the district court and reference the case docketed in this court, i.e., Civil Action Number 10-846. (ECF Nos. 95, 98.) Although the letters make reference to the appellate proceedings, they do so only to explain the procedural background which resulted in the case being remanded to the district court and the mandate being issued, thus making Raymond's bill of costs ripe for disposition. (Id.) Second, the response filed by Hogan after receiving the clerk

of court's September 19, 2013, letter reflects that Hogan understood at the time to which bill of costs the clerk's letter referred. (ECF No. 96.) In Hogan's response, he objected to proceeding with the bill of costs in the district court because his appeal before the court of appeals was not yet finalized and sought a "stay of the Bill of Costs and all other matters before the district court, pending the final resolution" of his appeal. (Id. at 1.)

Finally, even if Hogan were genuinely confused with respect to which bill of costs was under consideration in this court when he filed his objections on October 8, 2013 and December 12, 2013, any confusion was dispelled by Raymond's December 16, 2013, reply which states "that the unchallenged costs of $9,736.13 should be taxed." (ECF No. 100.) Although it is unclear why the amount referenced in Raymond's December 16, 2013, reply is $99.25 less than the amount sought in its original bill of costs, the distinction is immaterial. If there were any genuine confusion, Raymond's reply categorically indicates that the matter under consideration was the approximately $9,000 bill of costs Raymond filed in the district court, and not the approximately $500 bill of costs it filed in the appellate court. The clerk of court did not tax costs until more than two weeks after Raymond's letter was docketed, yet Hogan filed nothing seeking clarification, expressing confusion, or requesting a further opportunity to object.

The record is uncontroverted that Hogan received each of the clerk of court's letters and notices, and that Hogan was not misled in any way with respect to the proceedings that were pending in this court. For this reason, upon de novo review, the court finds that the clerk of court's taxation of costs was not procedurally deficient.

**B. Hogan's Substantive Objections**

The court now considers Hogan's substantive challenges to Raymond's bill of costs. According to Hogan, the clerk of court should have disallowed the bill of costs on each of these grounds even without objection. (ECF No. 102 at 3-4.) In this judicial district, if a party fails to file an objection to a bill of costs, that party is deemed to have consented to the bill of costs. Hogan was notified of this practice by letter twice. (ECF Nos. 95, 98.) Nevertheless, this court is charged with conducting a de novo review of the clerk of court's taxation of costs, and in doing so will consider each of Hogan's substantive objections at this time.

Lack of Documentation and Proof of Necessity (objection (a)): Hogan alleges that Raymond's bill of costs lacks the proper supporting documentation and statements of justification for each expense. The court reviewed the filing made by Raymond on October 31, 2012, and finds that it is proper. Receipts are attached, which detail the individual expense. These receipts provide sufficient explanation and justification for each expense incurred. The expenses, such as service of process, filing fees, and copying of Hogan's medical, employment, and education records are appropriate and necessary litigation expenses subject to taxation as costs.

Hogan's objection is without merit.

Failure to Use Items at Trial (objections (b) and (d)): Hogan contends that certain expenses, such as deposition transcripts and exhibit copies, cannot be taxed unless they are used at trial. Hogan provides no authority to support this purported rule of law. Transcripts and copies need not be used at trial in order to be taxable; rather, they must be "necessarily obtained for use in the case." 28 U.S.C. § 1920. Hogan made no showing that the documents copied or transcripts obtained by Raymond were not necessary to its defense.

The court reviewed the documentation attached to the bill of costs and is satisfied that the expenses were appropriately incurred in the course of this litigation. Reimbursement of $5,193.90 for exemplification and copies is proper, allowable, and supported by appropriate documentation. Reimbursement for electronically recorded transcripts is proper, but due to an apparent mathematical or administrative error, Raymond only requested payment of $5.74 for them. The documentation attached to the bill of costs indicates that Raymond spent $5,744.60 on transcripts. (ECF No. 87 at 11-15.) This is, obviously, an error in Hogan's favor, and it does not foreclose affirmance of the clerk of court's taxation of costs under the circumstances. The clerk of court appropriately taxed the costs itemized by Raymond for electronically recorded transcripts on his bill of costs.

Hogan's objection is without merit.

<u>Large or Unusual Expenditures and Air Travel (objections (c) and (e))</u>: Hogan asserts that unusually large expenditures and excessive air travel expenses should not be allowed, but does not identify any expenditure that so qualifies. As an initial matter, the bill of costs includes no request for reimbursement of air travel expenses, making Hogan's argument in that regard extraneous. The court, having reviewed the documentation attached to the bill of costs, identifies no expense that could reasonably qualify as unusually large. The largest items for which receipts were provided are videotaped depositions. As noted above, however, due to an apparent administrative error, Raymond sought reimbursement of less than one percent of those costs. Under the circumstances, they cannot be characterized as unusually large.

Hogan's objection is without merit.

Upon <u>de novo</u> review, the court finds that none of the substantive objections that Hogan makes to the clerk of court's taxation of costs can be sustained.

## C. The Court's Independent Review

The court independently examined the bill of costs, and its supporting documentation, and with the exception of the administrative error with respect to the amount sought for electronically recorded transcripts, which benefitted Hogan, the court identified only two other matters that require clarification.

First, Raymond sought reimbursement of $172.97 for printing fees. By the court's calculation, based on the documentation attached to the bill of costs, Raymond actually incurred expenses of $204.84 for such fees. (ECF No. 87 at 16-18.) Again, this is an error in Hogan's favor, and need not be corrected by this court on review.

Second, Raymond sought reimbursement of $3,736.13 as "other costs" on its bill of costs. (ECF No. 87.) The documentation attached to the bill of costs reflects that this amount accounts for a sanction imposed against Hogan by this court in a September 12, 2012, order. (ECF No. 87 at 5.) The sanction, in the amount of $3,718.57, represented Raymond's reasonable costs and expenses incurred in connection with a rule to show cause motion.[1] The total amount sought in the bill of costs adds an additional $17.56 charge that was presumably incurred when Raymond sent an invoice of its costs and expenses to Hogan following an August 7, 2012, hearing. (ECF No. 87 at 4, 5.) That charge was not included in the court's September 12, 2012, order, is not a category of recoverable costs pursuant to § 1920, and will therefore be excised from the clerk's taxation of costs. The amount of the sanction itself is also not an appropriate item to tax as a cost. The court will thus excise this amount from the Clerk's taxation of costs, and enter an order taxing costs against Hogan in the total amount of $6,099.25.

---

[1] The court's September 12, 2012, order also awarded $1,786.40 as the reasonable costs of a continued deposition of Hogan, which was noticed for September 10, 2012, (ECF No. 76), but which apparently never took place. (ECF No. 77.)

Having arrived at the appropriate amount to be taxed as costs, the court must now consider factors such as either party's bad faith and Hogan's indigency, in reviewing the clerk of court's taxation of costs. This case was dismissed due to Hogan's failure to comply with the orders and directives of this court. (ECF No. 83.) This factor weighs in favor of charging the full amount of costs against Hogan. The court is unaware of any bad faith or misconduct on the part of Raymond, which could be weighed against Hogan's misconduct. The court has no information regarding Hogan's financial circumstances, and is, therefore, unable to evaluate the effect that this factor could have on the taxation of costs. Based on the record before it, the court is unable to find any reason to reduce, or forgive, the bill of costs.

An appropriate order will be filed contemporaneously with this memorandum opinion.

Dated: January 27, 2014

BY THE COURT,

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge