# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PERCY HOGAN, JR.

    Plaintiff,

v.

THE RAYMOND CORPORATION,

    Defendant.

Civil Action Number 10-846

Chief Judge Joy Flowers Conti

## **MEMORANDUM OPINION**

The court is in receipt of a filing, entitled "plaintiff's reply to defendant's opposition to motion to strike taxation of costs," which was mailed to this court by plaintiff, Percy Hogan ("Hogan"), on February 3, 2014, and docketed on February 5, 2014. (ECF Nos. 106 and 107.) Although the court entered a memorandum opinion and an order denying Hogan's motion to strike taxation of costs on January 27, 2014, because the face of the docket does not reflect that these items were mailed to plaintiff by the court, the court gave full consideration to Hogan's most recent filing, even though Hogan did not file a motion seeking leave to file a reply brief, as required by this court's order on motion practice. (ECF Nos. 8 at 2-3, 104, and 105.)

Hogan raises only two arguments in his reply that were not made in his original motion: (1) that Hogan did not receive a copy of defendant's opposition brief until January 21, 2014, even though counsel certified that he mailed it to him on January 13, 2014; and (2) that, contrary to defendant's assertion, the costs were not accepted by Hogan as a "pay to proceed" sanction, and even if they were, the Court of Appeals for the Third Circuit indicated that such sanctions could not be imposed if The Raymond Corporation ("Raymond") did not actually incur

the expenses. (ECF No. 106 at 1, 2-3.) Neither argument warrants any adjustment to the court's prior opinion and order.

Receipt of Defendant's Opposition Brief: Even accepting as true that Hogan did not receive Raymond's opposition brief until a week after it was filed with the court, Hogan cannot establish that he was harmed by the delay. The court gave full and complete consideration to each of the arguments made by Hogan in his original filing, (ECF No. 102), and in his most recent filing, (ECF No. 106), even though the latter was filed without leave of court. Hogan does not deny that he received the opposition brief. The discrepancy between mailing the item on January 13, 2014 and January 15, 2014, when the envelope was date stamped, is insufficient, standing alone, to warrant relief of any type from this court.

Taxation of Sanctions as Costs: Hogan objects to Raymond's bill of costs on the ground that the costs were not accepted by Hogan as a "pay to proceed" sanction, and even if they were, the Court of Appeals for the Third Circuit indicated that such sanctions could not be imposed if Raymond did not actually incur any costs. (ECF No. 106 at 2-3.) In this regard, Hogan is correct. The court's January 27, 2014, opinion and order, however, did not include any sanctions as part of the taxation of costs. The court's order taxing costs was $3,736.13 less than the clerk of court's taxation of costs. (ECF Nos. 101 and 105.) In the memorandum opinion, the court explained that the difference represented the amount of a sanction imposed by the court against Hogan in a September 12, 2012, order, and a related mailing charge. (ECF No. 105 at 10.) The court stated that the "sanction, in the amount of $3,718.57, represented Raymond's reasonable costs and expenses incurred in connection with a rule to show cause motion." (Id.) In a footnote, the court explained that the September 12, 2012, order also awarded Raymond an additional sanction of $1,786.40 for the reasonable costs of the continued deposition of Hogan,

which never took place. (Id. at n.1.)  The latter sanction, representing expenses that were never incurred by Raymond, were not included in any taxation of costs, in accordance with the court of appeals' directive that "[i]f the sanction remains at issue following this appeal, however, it should not include costs that Raymond has not actually incurred." (ECF No. 106 at 2-3.)  The former sanction represented costs previously incurred by Raymond, and were included in the clerk of court's taxation of costs, but not in this court's order taxing costs. (ECF Nos. 101 and 105.)  Hogan's objection in this regard is well founded.  The court, however, already made the necessary adjustments to the clerk of court's taxation of costs in the memorandum opinion and order.  No further action is required at this time.

Upon consideration of Hogan's most recent filing, the court finds no basis on which to reconsider, amend, or adjust the order entered on January 27, 2014, taxing costs against Hogan in the amount of $6,099.25.

Dated: February 5, 2014                              BY THE COURT,

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

cc:   Percy Hogan, Jr.
      300 Farren Street
      Sewickley, PA 15143